IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAL ELKARAKI,

    Petitioner,                    No. CIV S-10-0575 MCE EFB P

    vs.

K. DICKENSON, Warden, et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

                             /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner claims (1) that the decision of the California Board of Parole Hearings ("Board") to deny petitioner parole at his June 4, 2008 parole consideration hearing was not supported by "some evidence" of petitioner's current dangerousness, (2) that the Board failed to set petitioner's parole date as required by California's Determinate Sentencing Law, and (3) that the Board's actions violate the separation of powers doctrine. Respondent moves to dismiss this action on the grounds that petitioner failed to exhaust his state judicial remedies, and that the petition contains claims that are untimely and not cognizable in federal habeas proceedings. Petitioner opposes respondent's motion. For the reasons stated, the court recommends that the petition be dismissed.

////

California's parole scheme gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). However, after briefing on the instant motion to dismiss concluded, the United States Supreme Court held that correct application of California's "some evidence" standard is not required by the federal due process clause. *Swarthout*, 2011 WL 197627, at *2. Rather, the inquiry on federal habeas is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Id.* In the context of a parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and given a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at *2.

The record reflects that petitioner was given the opportunity to be heard at his 2008 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Pet. at 31-113.[1] This is all that due process requires. *Swarthout*, 2011 WL 197627, at **2-3. Accordingly, petitioner's claim that the Board's decision violated his right to due process because it was not supported by some evidence of petitioner's current dangerousness, should be dismissed.

////

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1  As for petitioner's two remaining claims, relief is also unavailable.  Petitioner's
2 contention that the Board erred by not setting a parole date pursuant to California's Determinate
3 Sentencing Law lacks merit because petitioner is serving an indeterminate sentence of seven
4 years to life, *see* Pet. at 1, and because the Board is under no requirement to set a parole date
5 when it finds that the inmate presents a risk to public safety.  *In re Dannenberg*, 34 Cal.4th,
6 1061, 1087 (Cal. 2005).  More importantly, to the extent petitioner claims that the Board erred in
7 applying state sentencing laws, such claims are not cognizable on federal habeas review.  *See*
8 *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a) (Federal courts "shall
9 entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to
10 the judgment of a state court only on the ground that he is in custody in violation of the
11 Constitution or laws or treaties of the United States.").

12  Lastly, petitioner contends, in a conclusory manner, that the Board violated the doctrine
13 of separation of powers by employing "no meaningful yardstick in measuring parole suitability
14 . . . ." Pet. at 27.  This claim is vague and conclusory and should be denied on that basis.  *See*
15 *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not
16 supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*,
17 24 F.3d 20, 26 (9th Cir. 1994)).  Additionally, this claim is not cognizable because the federal
18 doctrine of separation of powers does not extend to the states under the Fourteenth Amendment,
19 s*ee Hughes v. Superior Court*, 339 U.S. 460, 466-67 (1950), and whether a state agency violates
20 the doctrine of separation of powers contained in the California state constitution does not give
21 rise to a claim for federal habeas relief.  *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.
22 1985).

23  Accordingly, the petition should be dismissed for failure to state a cognizable claim.
24 There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend
25 were granted.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus
26 should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted).  In light of the above, the court also finds that respondent's motion to dismiss should be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed without leave to amend because petitioner has failed to state a cognizable claim;

2. Respondent's June 24, 2010 motion to dismiss be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4